# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| NP STERLING LABS, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1770MLM |
| | ) | |
| EMERGENT INDUSTRIAL | ) | |
| SOLUTIONS, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendant Emergent Industrial Solutions, Inc., ("Defendant"). Doc. 8. Plaintiff NP Sterling Labs, Inc., ("Plaintiff")[1] filed a Response. Doc. 15. Defendant filed a Reply. Doc. 19. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 17.

## BACKGROUND

Plaintiff is a Missouri corporation located in Chesterfield, Missouri. Defendant is a Texas corporation and is located in Cypress, Texas. It has never owned, leased or used real property in the State of Missouri. Def. Ex. A, Pencarinha Aff., ¶¶ 3, 9. Defendant has a website which is available for viewing worldwide via the internet and does not specifically advertise in Missouri. Def. Ex. A , ¶ 10.

By telephone, in mid November 2007, Plaintiff contacted Defendant at its Texas office seeking a supply of surplus alcohols. Doc. 15, Aff. Kristina Phillips, ¶ 6; Def. Ex. A, ¶ 13. Subsequent to the initial telephone call, Plaintiff made various offers to purchase Defendant's products by submitting purchase orders via facsimile sent to Defendant's Texas office. Def. Ex. A, ¶ 15; Pl. Ex. 1-11. The

---

[1]     Plaintiff was previously known as COBITCO, Inc.

purchase orders used by Plaintiff were its own forms and are dated November 19 and December 4, 19, and 27, 2007, and January 2, 14, 18, and 25, 2008, Three of the purchase orders are dated January 14, 2008, and two are dated January 18, 2008. Pl. Ex. 1-11. In the Complaint Plaintiff alleges breach of contract and breach of implied warranty of fitness in regard to Defendant's products. A l l communications between Plaintiff and Defendant were by telephone, e-mail, facsimile, and United States mail. Defendant never had an employee visit Plaintiff at Plaintiff's Missouri office. Def. Ex. A, ¶ 20-20. Defendant has never sold any product to a customer who was a Missouri resident other than Plaintiff. Def. Ex. A, ¶ 22.

With the exception of one transaction, Defendant's product was shipped to Plaintiff free-on-board ("FOB") Origin. For the FOB transactions Plaintiff paid Defendant to arrange for delivery of the product by a third-party carrier, paid shipment costs, and took ownership of the product at the point of origination. Def. Ex. A, ¶ 16. For the one transaction between the parties which was not FOB, Defendant paid the delivery charges and arranged for a third-party carrier to deliver its product to Plaintiff in Missouri. In all instances the third-party carriers who delivered Defendant's product to Plaintiff were not Missouri corporations. Def. Ex. A, ¶ ¶ 17-18.

In its Complaint Plaintiff alleges Breach of Contract and Breach of Implied Warranty of Fitness. In its Motion to Dismiss Defendant contends that this court does not have personal jurisdiction over Defendant and that, therefore, the court should dismiss Plaintiff's Complaint on the basis of Fed. R. Civ. P. 12(b)(2). Plaintiff argues that the court does have personal jurisdiction over Defendant.

## APPLICABLE LAW

"To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003) (citing Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir.1990);

Watlow Elec. Mfg. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir.1988)). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof." Id. See also Mountaire Feeds, Inc. v. Argro Impex, S.A., 677 F.2d 651, 653 n.3 (8th Cir. 1982); Piper v. Kassel, 817 F. Supp. 802, 804 (E.D. Mo. 1993). "[T]he burden does not shift to the party challenging jurisdiction." Epps, 327 F.3d at 647. "'The [c]ourt may rely on pleadings and affidavits alone or require that an evidentiary hearing be held.'" Piper, 817 F. Supp. at 804 (quoting Cantrell v. Extradition Corp. of America, 789 F. Supp. 306, 308 (W.D. Mo. 1992)). When the court relies on pleadings and affidavits to make its decision on a motion to dismiss for lack of personal jurisdiction, the court must view the facts in the light most favorable to the plaintiff. Id. at 804 (citing Watlow Electric, 838 F.2d at 1000).

The inquiry of whether this federal court has personal jurisdiction over Defendant is a two-step inquiry. Scullin Steel Co. v. Nat'l Ry. Utilization Corp., 676 F.2d 309, 312 (8th Cir.1982). See also Lakin v. Prudential Securities, Inc., 348 F.3d 704, 707-708 (8th Cir. 2003) (citing Sondergard v. Miles, Inc., 985 F.2d 1389, 1392 (8th Cir. 1993)); Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000). The first step requires that the district court determine "whether the defendant committed one of the acts enumerated in [Missouri's] long-arm statute." Id. Next, the court must consider "whether the exercise of personal jurisdiction over the defendant violates the Due Process Clause of the Fourteenth Amendment." Id.

Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, provides, in relevant part:[2]

---

[2]    The Eighth Circuit has addressed whether the Missouri long-arm statute comports with the due process clause and has held that:

> [W]hen the Missouri legislature enacted the long-arm statute, its "ultimate objective was to extend the jurisdiction of the courts of this state over nonresident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc).

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
>
> > (1)    The transaction of any business within the state;
> >
> > (2)    The making of any contract within this state;

A "federal court sitting in diversity is bound by the state courts' interpretation of the reach of its long-arm statute, [although] the due process limitations on the state statute are governed by federal law." Sales Serv. Inc. v. Daewoo Intern. (America) Corp., 719 F.2d 971, 972 (8th Cir. 1983) (quoting Scullin Steel, 676 F.2d at 311). "The statutory phrase 'transaction of any business within this state' is liberally construed by the Missouri courts for the purpose of determining questions of long-arm jurisdiction. ... The Missouri courts have, however, 'required some activity, directly or indirectly related to the transaction in question, on the part of the nonresident defendant' within the state." Id. (quoting Scullin Steel, 676 F.2d at 312). The Missouri Supreme Court has held that the objective of the Missouri Long Arm Statute is to extend the jurisdiction of Missouri courts over nonresident parties to the extent permissible under the due process clause. Institutional Food Mktg. Assocs., Ltd. v. Golden State, 747 F.2d 448, 455 (8th Cir. 1984) (citing State ex rel. Newport v. Wiesman, 627 S.W.2d 874, 876 (Mo.1982) (en banc)).

The Supreme Court has established two theories for asserting personal jurisdiction over a non-resident defendant, general and specific jurisdiction. Dever v. Henzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984)). The court in Dever, 380 F.3d at 1073, explained these two types of personal jurisdiction as follows:

---

Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000).

Under the theory of general jurisdiction, a court may hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In contrast, specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. Id. at 414, 104 S.Ct. 1868.

Where a defendant has continuous and systematic contacts with the forum state, "jurisdiction over [the defendant] exists under the old rubric of physical power or sovereignty." Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1199 (8th Cir. 1990) (citing Perkins v. Benguet Consol. Min. Co., 342 U.S. 437 (1952)).

An assertion of personal jurisdiction, whether specific or general, is subject to the Due Process Clause. Knowlton, 900 F.2d at 1119 (citing Helicopteros, 466 U.S. at 414 n.9). "Due process requires 'minimum contacts' between [a] non-resident defendant and the forum state." Dever, 380 F.3d at 1073 (quoting Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996) (internal citation omitted). The minimum contacts requirement is met where "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Clune, 233 F.3d at 541-42 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). See also Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 921 (8th Cir. 1995) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)); Watlow, 838 F.2d at 1002 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 462 (1985) (holding that a defendant must purposefully establish minimum contacts with Missouri so that the exercise of personal jurisdiction comports with fair play and substantial justice). To comport with the "fair play and substantial justice" element of due process a defendant's contacts must be more than "random, fortuitous or attenuated." Bell Paper, 53 F.3d at 921 (quoting Burger King, 471 U.S. at 476). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state,

thus invoking the benefits and protections of its laws." <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958).

<u>See</u> <u>also</u> <u>Bell Paper</u>, 53 F.3d at 921. "[I]t is a defendant's contacts with the forum state that are of

interest in determining whether personal jurisdiction exists, not its contacts with a resident of the forum."

<u>Institutional Food</u>, 747 F.2d at 456 (citations omitted). A court must carefully consider the facts of each

case to assess the nature of the contacts between the defendant and the forum state. <u>Bell Paper</u>, 53 F.3d

at 921.

In addition to determining whether the minimum contacts criteria is met, the Eighth Circuit

holds that there are other factors which a court should consider to determine whether exercising personal

jurisdiction complies with due process. <u>Land-O-Nod Co. v. Bassett Furniture Indus.</u>, 708 F.2d 1338,

1340 (8th Cir. 1983). These factors are: "(1) the nature and quality of contacts with the forum state;

(2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest

of the forum state in providing a forum for its residents; and (5) the convenience of the parties." <u>Id.</u>

(quoting <u>Burlington Industries</u>, 97 F.3d at 1102). "The fourth and fifth factors are of secondary

importance and not determinative." <u>Guinness Import Co. v. Mark VII Diatribe., Inc.</u>, 153 F.3d 607, 614

(8th Cir. 1998) (citing <u>Land-O-Nod</u>, 708 F.2d at 1340). The central concern of the inquiry is, however,

"'the relationship among the defendant, the forum, and the litigation.'" <u>Id.</u> (quoting <u>Shaffer v. Heitner</u>,

433 U.S. 186, 204 (1977)).

## DISCUSSION

Upon determining whether this court has personal jurisdiction over Defendant this court must

first determine whether Missouri's Long Arm Statute, Mo. Rev. Stat. §506.500(1), is applicable.

Defendant first contends, and Plaintiff does not dispute, that §506.500(1)(2), providing for application

of the Long Arm Statute where a contract was made is Missouri, is not applicable.[3]  Thus, this court

has personal jurisdiction over Defendant only if, pursuant to Missouri's Long Arm Statute,

§506.500(1)(1), Defendant transacted business in Missouri.

Other than its sales to Plaintiff which are the subject of the matter under consideration,

Defendant has not sold its products to Missouri residents.  The only contacts which Defendant had with

the State of Missouri in regard to its sale of products to Plaintiff were by telephone, e-mail, United

States mail, and facsimile.  It is well established that the mere use of e-mail, faxes, and/or the telephone

is insufficient to subject a party to personal jurisdiction. See e.g., Bell Paper, 53 F.3d at 923; Breiner

Equip. Co. v. Dynaquip, Inc., 539 F. Supp. 204, 206 (E.D. Mo. 1982); Johnson Heater Corp. v. Deppe,

86 S.W.3d 114, 120 (Mo. Ct. App. 2002); Shady Valley Park & Pool, Inc. v. Dimmic, 576 S.W.2d 579,

580 (Mo. Ct. App.1979) (holding that there was no transaction of any business within forum state where

contract was made by interstate telephone call).

Further, Defendant did not deliver the products purchased by Plaintiff to Missouri; rather, in

all instances the products were delivered by an independent third-party carrier to Plaintiff.  In all but one

of the transactions between the parties, transfer of ownership of the products from Defendant to Plaintiff

_____

[3]      Defendant contends that to the extent the parties had "any contract," it was made in
Texas. Doc. 9 at 5.  In its Response and in support of its position that Missouri's Long Arm Statute
applies, Plaintiff argues only that Defendant transacted business within the State of Missouri; it does
not argue that a contract between the parties was made in Missouri. To the extent Plaintiff's
Response does not clearly acknowledge that any contract between the parties was made in Texas, the
court notes that Plaintiff contacted Defendant in Texas; Defendant accepted Plaintiff's request in
Texas; and Defendant performed in Texas.  As such, any contract between the parties was made in
Texas.  See Angelica Corp. v. Gallery Mfg. Corp., 904 F. Supp. 993 (E.D. Mo. 1995) ("'A contract
is made in Missouri if the final act which gives rise to a binding agreement occurs within this state.'
U.S. Durum Milling, Inc. v. Frescala Foods, Inc., 785 F. Supp. 1369, 1371-72 (E.D. Mo.1992) [] In
this case, the final act, acceptance, occurred in Missouri when Angelica accepted Gallery's offer on
the phone."); Illinois Fuel Co. v. Mobile & O.R. Co., 8 S.W.2d 834, 913 (Mo. 1928) ("A contract
is made in the state where the last act toward the completion of the contract is done by a party to the
contract, or by an agent who makes a contract for a principal.") (internal quotation omitted).

clearly took place in Texas and Defendant's performance pursuant to Plaintiff's purchase orders was completed in Texas. As such, the court finds that Defendant did not engage in activity directly related to the transactions in question within Missouri. See Sales Service, 719 F.2d at 972. The court finds, therefore, that Defendant has not transacted business in Missouri within the meaning of Missouri's long-arm statute. See Scullin Steel, 676 F.2d at 312-13 (holding that, even though defendant's product was delivered in Missouri, defendant did not transact business in Missouri within the meaning of the Long Arm Statute where contract negotiations took place in the foreign state, none of the defendant's personnel ever visited Missouri in connection with the contract, defendant was not authorized to do business in Missouri and had no office or real property in Missouri) (citations omitted). Under such circumstances, the first part of the two-part test for exercising personal jurisdiction over Defendant in Missouri is not met and this court does not have jurisdiction.[4] See Lakin, 348 F.3d 704; Clune, 233 F.3d at 541; Scullin Steel, 676 F.2d at 213. See also Sales Service, 719 F.2d at 972; Piper, 817 F. Supp. at 804. Cf. Laser Vision Centers, Inc. v. Laser Vision Centers Int'l, SpA, 930 S.W.2d 29, 32 (Mo. Ct. App. 1996) (holding that the petition alleged sufficient facts to invoke Missouri's long-arm statute where defendant "deliberately sought out" the plaintiff; the defendant "voluntarily decided to do business with

---

[4]     In support of its position that Defendant has transacted business within Missouri and that, therefore, Missouri's Long Arm Statute applies, Plaintiff cites State ex rel. Metal Service Center of Georgia, Inc. v. Gaetner, 677 S.W.2d 325 (Mo. 1984) (en banc), in which case the Missouri Supreme Court held that Missouri courts had personal jurisdiction over the defendant. Metal Service, however, is distinguishable from the matter under consideration as the defendant in Metal Service paid the cost of shipping its product to and from Missouri and was responsible for shipping its product to Missouri. Although the court in Metal Service held that the contract was made in Georgia, the court found that contacts with Missouri, the place of performance, were more significant that the place of contracting, Georgia. As discussed above, to the extent that a contract was made in the matter under consideration, not only was the contract made in Texas, it was performed in Texas.

Plaintiff also cites Seventh Circuit and Texas cases which are not controlling in this matter. See Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003) (holding that at district court sitting within the Eighth Circuit is bound to apply Eighth Circuit precedent).

a corporation based in Missouri"); State ex rel. Metal Serv. Ctr. of Georgia, Inc. v. Gaertner, 677 S.W.2d 325, 325-28 (Mo. 1984) (holding that Missouri courts had jurisdiction under Missouri's long-arm statute where foreign corporation initiated a contract with a Missouri resident).

Assuming, arguendo, that Defendant has transacted business in Missouri within the meaning of Missouri's Long Arm statute, this court will consider whether exercising personal jurisdiction over Defendant in Missouri comports with due process. See Lakin, 348 F.3d 704; Clune, 233 F.3d at 541; Scullin Steel, 676 F.2d at 213. While Defendant arguably contracted with Plaintiff, a Missouri resident, the "mere making of a contract with [Plaintiff, a Missouri resident,] is not enough to confer jurisdiction." Angelica Corp. v. Gallery Mfg. Corp., 904 F. Supp. 993, 997 (E.D. Mo. 1995) (citing Minnesota Mining & Mfg. v. Nippon Carbide Indus., 63 F.3d 694, 698 (8th Cir.1995)). See also Jarvis and Sons, Inc. v. Freeport Shipbuilding and Marine Repair, Inc., 966 F.2d 1247, 1250 (8th Cir. 1992) (citing Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir.1991); Wines v. Lake Havasu Boat Manufacturing, Inc., 846 F.2d 40, 43 (8th Cir.1988) (per curiam)). Further, Plaintiff contacted Defendant and submitted purchase orders to Defendant in Texas and any contract between the parties was made in Texas. See Jarvis and Sons, Inc. v. Freeport Shipbuilding and Marine Repair, Inc., 966 F.2d 1247, 1250 (8th Cir. 1992) (declining to exercise personal jurisdiction where the contract was negotiated, executed, and performed in a foreign state). Cf. Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc., 65 F.3d 1427, 1434 (8th Cir. 1995) (finding due process satisfied where the director of the defendant corporation traveled to the forum state on two occasions to discuss obligations under the contract at issue); Bell Paper, 53 F.3d at 922. No representative of Defendant ever visited Plaintiff in Missouri. See Jarvis, 966 F.2d at 1250 (declining to exercise personal jurisdiction in forum state where the defendant's employees never visited the forum state in connection with the contract at issue). Under such circumstances, it cannot be said that Defendant purposefully directed its activities to Plaintiff, a Missouri corporation, or

purposefully availed itself of the privilege of conducting business within Missouri. See Hanson, 367 U.S. at 253; Epps, 327 F.3d at 647-48; Bell Paper, 53 F.3d at 921-22; Angelica, 904 F. Supp. at 997. Any activities in Missouri on the part of Defendant were random, fortuitous, and attenuated. Id. (quoting Burger King, 471 U.S. at 475) (internal citations omitted).

The court will also consider the additional factors enumerated in Burlington, 97 F.3d at 1102, for determining whether asserting jurisdiction over Defendant in Missouri comports with due process. In regard to the first and second factors, the *quality* and *quantity* of Defendant's contacts in Missouri are not substantial as Defendant conduced business with Plaintiff only during the months of November and December 2007 and January 2008 and it has not conducted business with other Missouri residents. See Angelica, 904 F. Supp. at 997. In regard to the third factor, the *relationship of the cause of action to Missouri*, the only relationship which this cause of action has to Missouri is that Plaintiff is located in Missouri. In regard to the less important fourth and fifth factors, respectively, Missouri does have an interest in providing a forum for its residents such as Plaintiff and it will be no less inconvenient for Plaintiff to try this matter in Texas than it would be for Defendant to try it in Missouri.

Particularly, in regard to a specific personal jurisdiction inquiry, Plaintiff took possession of Defendant's product, with the exception of one shipment, in Texas. As such, the injury which Plaintiff allegedly suffered as a result Defendant's conduct arose in Texas, with one exception out of eleven transactions. See Dever, 380 F.3d at 1073. In regard to general jurisdiction inquiry,[5] Defendant, a Texas

---

[5]     Defendant suggests that Plaintiff does not argue that this court has general personal jurisdiction but rather only that it has specific personal jurisdiction. The court notes that Plaintiff's argument is not entirely clear in this regard and, therefore, has addressed general personal jurisdiction.

Plaintiff argues that "Defendant Would Have No Forum in Texas" if this court grants Defendant's Motion to Dismiss. Doc. 15 at 7-8. Such an argument is not relevant to the matter before this court; Plaintiff is suing Defendant; Defendant is not seeking a forum.

corporation, has no real estate, offices, employees, or agents in Missouri; it is not registered to do business in Missouri; it does not advertise in Missouri; and it has not sold any product to a customer who was a Missouri resident other than Plaintiff. Def. Ex. A, ¶¶ 3-10, 22. Clearly, Defendant has not had continuous and systematic contacts with Missouri. See Dever, 380 F.3d at 1073; Knowlton, 900 F.2d at 1199.

Based on the foregoing considerations, the court finds that exercising either general or specific personal jurisdiction over Defendant in Missouri would offend traditional notions of fair play and substantial justice. See Bell Paper, 53 F.3d at 921; Clune, 233 F.3d at 541. Further, applying the factors articulated by the Eighth Circuit in Burlington, 97 F.3d at 1102, the court finds that there is an insufficient relationship between Defendant, Missouri, and the dispute between the parties for purposes of exercising personal jurisdiction over Defendant. As such, this court's asserting personal jurisdiction over Defendant would not comport with due process. See Bell Paper, 53 F.3d at 921; Clune, 233 F.3d at 541.

The court finds, therefore, that Plaintiff has not met its burden to establish that Defendant is subject to personal jurisdiction in Missouri. See Lakin, 348 F.3d at 702; Epps, 327 F.3d at 647; Mountaire, 677 F.2d at 653 n.3; Piper, 817 F. Supp. at 804.

## CONCLUSION

For the reasons more fully set forth above, the court finds that it does not have personal jurisdiction over Defendant in the matter under consideration. The court finds, therefore, that Defendant's Motion to Dismiss should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant Emergent Industrial Solutions, Inc., is **GRANTED**. Doc. 8.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER

Dated this <u>6th</u> day of January, 2009.   UNITED STATES MAGISTRATE JUDGE